UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAIME L. ZEPEDA,

    Petitioner,

vs.

MICHAEL STAINER, Warden,

    Respondent.

No. C 11-1981 PJH (PR)

**ORDER DENYING PETITIONER'S MOTIONS TO RECONSIDER, FOR A CERTIFICATE OF APPEALABILITY, AND TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case filed pro se by a state prisoner. Petitioner previously had a habeas petition in this court that had been denied on the merits. *See Zepeda v. Sullivan*, 03-cv-05668 PJH (PR). On August 30, 2011, the court dismissed the petition in this case, concluding that it was second or successive and that petitioner had not obtained permission from the court of appeals to file it. *See* 28 U.S.C. § 2244(b)(3)(A) (habeas petitioner may not file second or successive petition unless United States Court of Appeals issues order authorizing filing). Petitioner has filed a "Motion to Make Additional Finding/Alter Findings and Vacate Judgment," and a combined motion for a certificate of appealability ("COA") and for leave to proceed in forma pauperis ("IFP") on appeal.

Petitioner argued in his petition that it was not second or successive. In entering the order at issue the court thus had before it his position on that point, and rejected that position. In the motion for additional findings and to vacate the judgment he largely rehashes his arguments, and adds some that are irrelevant, such as that his claim was not decided on the merits in state court or that the present petition relies on new facts. The motion (document number 15 on the docket) is **DENIED**.

///

Petitioner has not filed a notice of appeal, but has moved for a COA and for leave to proceed IFP on appeal. The motion for a certificate of appealability will be treated as a notice of appeal, however. *See Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for a certificate of probable cause as a timely notice of appeal).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Even when a petition is dismissed on procedural grounds, as here, section 2253(c)(1) applies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The only questions here were whether petitioner had a previous habeas petition that was directed to the same conviction and that was denied on the merits, and whether he had obtained an order from the court of appeals allowing him to file a second petition. That the answer to the first is "yes" and the second "no" is not reasonably debatable. The request for a certificate of appealability (document number 16) is **DENIED**. Leave to proceed IFP on appeal (also document number 16) is **DENIED** because the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3) (party proceeding IFP in district court may continue IFP on appeal unless district court certifies appeal not taken in good faith); 28

U.S.C. § 1915(a)(3) (same).

The clerk shall transmit the file, including a copy of this order, to the court of appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner may then ask the court of appeals to issue the certificate and grant leave to proceed IFP.  *See* R. App. P. 22(b)(1).

**IT IS SO ORDERED.**

Dated:  November 23, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\ZEPEDA1981.COA.wpd