**United States District Court**
For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                    NORTHERN DISTRICT OF CALIFORNIA
5                           OAKLAND DIVISION
6
7   JAIME L. ZEPEDA,
8                    Petitioner,              No. C 11-1981 PJH (PR)
9     vs.                                     **ORDER DENYING PETITIONER'S**
                                              **MOTIONS TO RECONSIDER, FOR A**
10  MICHAEL STAINER, Warden,                  **CERTIFICATE OF APPEALABILITY,**
                                              **AND TO PROCEED IN FORMA**
11                   Respondent.              **PAUPERIS ON APPEAL**
12  _____/
13          This is a habeas case filed pro se by a state prisoner.  Petitioner previously had a

14  habeas petition in this court that had been denied on the merits.  *See Zepeda v. Sullivan*,

15  03-cv-05668 PJH (PR).  On August 30, 2011, the court dismissed the petition in this case,

16  concluding that it was second or successive and that petitioner had not obtained

17  permission from the court of appeals to file it.  *See* 28 U.S.C. § 2244(b)(3)(A) (habeas

18  petitioner may not file second or successive petition unless United States Court of Appeals

19  issues order authorizing filing).  Petitioner has filed a "Motion to Make Additional

20  Finding/Alter Findings and Vacate Judgment," and a combined motion for a certificate of

21  appealability ("COA") and for leave to proceed in forma pauperis ("IFP") on appeal.

22          Petitioner argued in his petition that it was not second or successive.  In entering the

23  order at issue the court thus had before it his position on that point, and rejected that

24  position.  In the motion for additional findings and to vacate the judgment he largely

25  rehashes his arguments, and adds some that are irrelevant, such as that his claim was not

26  decided on the merits in state court or that the present petition relies on new facts.  The

27  motion (document number 15 on the docket) is **DENIED**.

28  ///

United States District Court

For the Northern District of California

1    Petitioner has not filed a notice of appeal, but has moved for a COA and for leave to

2  proceed IFP on appeal.  The motion for a certificate of appealability will be treated as a

3  notice of appeal, however.  *See Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating

4  timely pro se motion for a certificate of probable cause as a timely notice of appeal).

5    A petitioner may not appeal a final order in a federal habeas corpus proceeding

6  without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App.

7  P. 22(b).  Even when a petition is dismissed on procedural grounds, as here, section

8  2253(c)(1) applies.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Determining whether a

9  COA should issue where the petition was dismissed on procedural grounds has two

10  components, one directed at the underlying constitutional claims and one directed at the

11  district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas

12  petition on procedural grounds without reaching the prisoner's underlying constitutional

13  claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

14  find it debatable whether the petition states a valid claim of the denial of a constitutional

15  right and that jurists of reason would find it debatable whether the district court was correct

16  in its procedural ruling."  *Id.* at 484.  As each of these components is a "threshold inquiry,"

17  the federal court "may find that it can dispose of the application in a fair and prompt manner

18  if it proceeds first to resolve the issue whose answer is more apparent from the record and

19  arguments."  *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal

20  courts to first resolve the procedural issue, as was done here.  *See id.*

21    The only questions here were whether petitioner had a previous habeas petition that

22  was directed to the same conviction and that was denied on the merits, and whether he

23  had obtained an order from the court of appeals allowing him to file a second petition.  That

24  the answer to the first is "yes" and the second "no" is not reasonably debatable.  The

25  request for a certificate of appealability (document number 16) is **DENIED**.  Leave to

26  proceed IFP on appeal (also document number 16) is **DENIED** because the appeal is not

27  taken in good faith.  *See* Fed. R. App. P. 24(a)(3) (party proceeding IFP in district court

28  may continue IFP on appeal unless district court certifies appeal not taken in good faith); 28

2

U.S.C. § 1915(a)(3) (same).

The clerk shall transmit the file, including a copy of this order, to the court of appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the court of appeals to issue the certificate and grant leave to proceed IFP. *See* R. App. P. 22(b)(1).

**IT IS SO ORDERED.**

Dated: November 23, 2011.

_____
PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\ZEPEDA1981.COA.wpd

**United States District Court**
For the Northern District of California